1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED LEVAO,<br><br>                              Petitioner,<br><br>          vs.<br><br>D.T. LEWIS, Warden,<br><br>                              Respondent. | Civil No.        10-1040 W (NLS)<br><br>**REPORT AND RECOMMENDATION RE DENIAL OF PETITIONER'S MOTION TO STAY PROCEEDINGS AND PROVIDING PETITIONER WITH OPTIONS TO AVOID DISMISSAL**<br><br>**[Docket No. 3.]** |

## I.      Introduction

On May 13, 2010, Petitioner United Levao filed a petition for writ of habeas corpus (Pet.) together with a motion to hold the petition in abeyance and stay the proceedings.  (*See* Doc. nos. 1, 3.)  In his petition, Petitioner alleges nine claims, four of which are exhausted and five of which are unexhausted.  Petitioner's exhausted claims are: (1) his due process rights were violated when inflammatory gang evidence was admitted under California Penal Code section 182.22(b)(5); (2) his trial counsel was ineffective for failing to move to sever Petitioner's trial from the co-defendant and failing to secure an eyewitness identification expert; (3) his Fourth Amendment rights were violated when the trial court denied his motion to suppress his statements; and (4) his Fifth and Fourteenth Amendment rights were violated when the trial court

refused to suppress involuntary statements he made to police.[1]  (Pet. at 7-10.[2])  Petitioner's unexhausted claims are:  (1) his trial counsel was ineffective when he failed to conduct a reasonable investigation, failed to prepare for trial and a hearing on the admissibility of certain evidence, failed to allow Petitioner to testify at trial, failing to properly prepare for a hearing on the motion to suppress evidence, failed to seek sanctions against the prosecutor for failing to preserve crime scene evidence, failed to sufficiently prepare to ensure the admissibility of evidence of a prosecution witness's drug activity and gun possession, and failed to object to the admission of photo identification evidence; he also alleges the cumulative effect of counsel's errors denied him the effective assistance of counsel; (2) the prosecutor failed to preserve exculpatory evidence; (3) he was denied the right to present a complete defense due to the limitations the trial court placed on cross-examination; (4) his trial and conviction violate the United Nations Convention on the Rights of the Child; and (5) he was denied the effective assistance of appellate counsel.  (*See* Pet. at 6-19; Motion to Stay at 1-4.)

In his motion for stay and abeyance, Petitioner asks this Court to stay his federal habeas petition while he returns to state court to exhaust the five unexhausted claims in the petition.  (*See* Mot. for Stay.)  On May 20, 2010, this Court ordered Respondent to file a Response to the motion by June 10, 2010.  (*See* doc. no. 5.)  Respondent filed a Response in a timely manner.  (*See* Doc. no. 6.).  Petitioner filed a Reply on July 9, 2010.  (*See* doc. no. 8.)

## II.   Factual Background

According to the state appellate court's opinion, Petitioner and his co-defendant Jordan Potts were members of the Bloods street gang.  The Crips are a rival gang to the Bloods.  Bloods members wear red to show gang affiliation and Crips wear blue.  (Resp't's Ex. D at 2.)  On the evening of April 31, 2004, victim Jesse Watson, his foster mother and two siblings, were moving out of a condo within an area claimed by the Crips.  Watson was hauling furniture into a truck and was wearing blue, although he was not alleged to have been a gang member.  (*Id.*)  Petitioner

---

[1]  Petitioner was fifteen years old at the time of the crime.

[2]  For ease of reference, the Court uses the page numbers assigned to the petition by the Court's electronic filing system.

1 approached Watson and fired a shotgun at him.  Potts also fired multiple shots at Watson.  One
2 of the shots fired by Potts hit Petitioner.  Watson died at the scene.  (*Id.* at 2-3.)

3      Witnesses to the shooting saw the shooters flee in a red Nissan Sentra; the witnesses
4 recorded the license plate number.  The Sentra was later found, abandoned.  A jacket worn by
5 Petitioner, which had been discarded in some bushes by an elementary school, was later
6 recovered, along with the shotgun used in the murder.  (*Id.* at 3.)  The jacket and the Sentra
7 contained blood matching Petitioner's DNA profile.

8      After the shooting, Potts shot himself in the leg.  He and Petitioner then told police they
9 had been in a drive-by shooting.  Police connected Potts and Petitioner to Watson's murder
10 based on witness's descriptions of the shooters.  (*Id.*)

11      Maurice Christiansen, the driver of the Sentra, pleaded guilty to voluntary manslaughter
12 in exchange for a maximum sentence of four years in prison and truthful testimony at trial.  (*Id.*)

13 **III.**   **Discussion**

14      A.   *Standard of Review*

15      Habeas petitioners who wish to challenge either their state court conviction or the length
16 of their confinement in state prison, must first exhaust their state judicial remedies.  28 U.S.C.
17 § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the
18 exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state
19 court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains
20 available.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404
21 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  "[The Antiterrorism and
22 Effective Death Penalty Act of 1996 (AEDPA)] aims to encourage the finality of sentences and
23 to encourage petitioners to exhaust their claims in state court before filing in federal court."
24 *Rhines v. Webber*, 544 U.S. 265, 276-277 (2005).

25      AEDPA also applies a one-year statute of limitations also to federal habeas corpus
26 petitions.  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).  Thus, a petitioner who wishes
27 to challenge his state court conviction in federal court via a habeas corpus petition must file
28 within one year of his conviction becoming final.  The statute of limitations does not run while

a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

AEDPA has two main purposes: "(1) to reduce delays in executing state and federal criminal sentences, and (2) to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court."  *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).  The Supreme Court has therefore held that when a petitioner files a petition containing both exhausted and unexhausted claims, a district court has limited discretion under *Rhines* to grant a stay and abeyance of the mixed petition if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines*, 544 U.S. at 278.  The Supreme Court made clear in *Rhines*, however, that because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances."  *Rhines*, 544 U.S. at 277.

B.   *Petitioner's Allegations and Respondent's Response*

In his motion for stay, Petitioner argues that good cause exists for his failure to exhaust his state court remedies because: (1) his trial counsel did not send him his file until March 19, 2010, fifteen months after he first requested it; and (2) he was denied access to his legal papers from November 5, 2008 until April 22, 2009.  (Motion for Stay at 2-6.)  He also argues his claims are meritorious and that he has acted as diligently as he could.  (*Id.*)  Specifically, he states that he filed a habeas corpus petition seeking to exhaust the five unexhausted claims in the

San Diego Superior Court on May 6, 2010.  (*Id.* at 4.)  In his Reply, Petitioner also claims that, despite his diligent efforts to exhaust his unexhausted claims, he was prevented from doing so because: (1)  his family was unable to raise the twenty-thousand dollar retainer for counsel; (2) he did not learn that he could raise the unexhausted claims in federal petition or how to do so until he spoke to a "jailhouse lawyer" who so advised him; and (3) he did not learn of the basis for his fourth claim, that his conviction violates the United Nations Convention on the Rights of the Child, until April of 2010.  (Pet'rs Reply at 3-4.)

Respondent contends that Petitioner has not established good cause for his failure to exhaust because he did not begin exhausting his claims until after the statute of limitations for filing his federal habeas petition had expired.  (Resp'ts Opp. at 6-7.)  Moreover, Respondent argues that Petitioner has not established why his counsel's failure to turn over his case file or his lack of access to his legal papers made it impossible for him to exhaust his unexhausted claims. (*Id.* at 8-11.)  Respondent also claims that Petitioner's unexhausted claims are meritless. (*Id.* at 9.)

C.      *Analysis*

The Supreme Court did not define the good cause standard in *Rhines*.  In the Ninth Circuit, good cause is, without further clarification, a standard less stringent than the "extraordinary circumstances" standard for equitable tolling of the statute of limitations.  *See Jackson v. Roe*, 425 F.3d 654, 656 (9th Cir. 2005).  District courts within the Ninth Circuit have more narrowly defined the standard.  Some have required the showing of "some objective factor external to the petitioner" that prevented timely exhaustion.  *Hernandez v. Sullivan*, 397 F. Supp.2d 1205, 1207 (C.D. Cal. 2005).  Others have equated the good cause standard to "excusable neglect."  *See Corjasso v. Ayers*, 2006 WL 618380, 1 (E.D. Cal. 2006).  The latter interpretation considers such factors as prejudice to the non-moving party, length of the delay and its effect on efficient court administration, and whether the delay was caused by factors beyond the control of the movant and good faith.  *Id.* at 1.

Petitioner has presented his unexhausted claims in detail and with specific factual allegations and thus, the Court cannot conclude, on the record before it, that the claims are not

1  "potentially meritorious." *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (stating that

2  a claim is colorable within the meaning of 28 U.S.C. § 2254(b)(2) unless it is "perfectly clear

3  that petitioner has not hope of prevailing"). Petitioner is not entitled to a stay, however, because

4  he has not demonstrated good cause for his failure to exhaust under either of the above

5  interpretations nor has he shown he has not "engaged in intentionally dilatory tactics." *Rhines*,

6  544 U.S. at 278.

7      The California Supreme Court denied Petitioner's petition for review on February 11,

8  2009. (Resp'ts Ex. C.) Petitioner did not file his federal habeas corpus petition, nor did he begin

9  to exhaust the unexhausted claims in state court, until May 6, 2010,[3] over a year after his

10  conviction became final and six days before AEDPA's statute of limitations expired on May 12,

11  2010. *See* 28 U.S.C. § 2241(d)(1). Petitioner claims that his trial counsel's failure to provide

12  him with his case file and his inability to access his legal papers explain why he waited so long

13  to file his state and federal habeas petitions. According to Petitioner, he asked trial counsel for

14  his case file in December of 2008, but did not receive the file until March of 2010. (Mot. for

15  Stay at 5.) Petitioner has not explained, however, why he needed his attorney's case file in order

16  to prepare his state and federal habeas corpus petition or the two month delay between when he

17  received the case file and when he filed his petitions. Further, the factual basis for all of the

18  unexhausted claims have been available to Petitioner since his conviction became final because

19  they are all based on events which occurred at trial. (*See* Pet. at 11-22.) Petitioner also claims

20  the delay in exhaustion was caused by the prison denying him access to his legal papers from

21  November 5, 2008 until April 9, 2009. (*Id.*) Petitioner has not explained why it took him

22

23  _____

24  [3] Respondent contends Petitioner's federal habeas petition was constructively filed on May 11, 2010, and his state habeas petition was filed on May 26, 2010, and not May 6, 2010 as Petitioner alleges because the prison mail log shows that he mailed his federal petition on May 11, 2010 and "he did not mail anything to the San Diego Superior Court until May 26, 2010." (Resp'ts Ex. A.) The "mailbox rule," however, provides that a pro

25  se prisoner's federal or state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court because the prisoner is unable to control the time of delivery.

26  *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988). Petitioner states he handed both his federal habeas petition and his state habeas petition to prison authorities on

27  May 6, 2010. (Pet. at 21; Mot. for Stay at 3.) It is Petitioner's statement, and not the prison mail log, that controls here. *See Huizar v. Carey*, 273 F.3d 1220 (9th Cir. 2001)(holding that mailbox rule applies even if document is

28  never actually filed as long as prisoner diligently follows up once he has failed to receive a disposition from the court). This also calls into question Respondent's contention that Petitioner filed his state habeas petition after his federal statute of limitations expired.

1  thirteen months between when he received his legal papers on April 9, 2009, and the filing of

2  the state and federal petitions on May 6, 2010.

3      In his Reply, Petitioner asserts two new reasons for the delay in exhaustion. First,

4  Petitioner states the delay was caused by his family's inability to raise the money to hire an

5  attorney and the fact that he did not know he could file a federal petition containing the

6  unexhausted claims. (Pet'rs Reply at 3-4.) These facts also do not rise to the level of "good

7  cause" under either standard enunciated by the Ninth Circuit. *See Hernandez*, 397 F. Supp.2d

8  at 1207; *Corjasso*, 2006 WL 618380, 1. Petitioner is not entitled to counsel on collateral review,

9  and the unexhausted claims outlined by Petitioner — ineffective assistance of counsel, failure

10  to preserve evidence, restricted cross-examination, his trial and conviction violate the United

11  Nations Convention on the Rights of the Child and ineffective assistance of appellate counsel

12  — are not so legally complex as to require appointment of counsel. *See McClesky v. Zant*, 499

13  U.S. 467, 495 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) and stating there

14  is no constitutional right to counsel in federal habeas corpus proceedings) ; *Chaney v. Lewis*, 801

15  F.2d 1191, 1196 (9th Cir. 1986) (stating that "[i]ndigent state prisoners applying for habeas relief

16  are not entitled to appointed counsel unless the circumstances of a particular case indicate that

17  appointed counsel is necessary to prevent due process violations"); *see also Knaubert v.*

18  *Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Further, Petitioner states in the declaration he

19  attached to his motion for stay that he learned he could raise claims in federal court that were not

20  raised in state court from a fellow inmate, Francisco Olivares, in June of 2009, eleven months

21  before he began exhausting his claims in state court. (*See* Mot. for Stay, Pet'rs Dec. at 5-6.)

22      Petitioner has not established either "some objective factor external to the petitioner" that

23  prevented timely exhaustion, *Hernandez*, 397 F. Supp.2d at 1207, or "excusable neglect,"

24  *Corjasso*, 2006 WL 618380 at 1. Accordingly, for the foregoing reasons, the Court

25  **RECOMMENDS** the motion for stay and abeyance be **DENIED**.

26      D.    *Petitioner's Options*

27      Because the petition is mixed, in that it contains both exhausted and unexhausted claims,

28  it is subject to dismissal. *Rose v. Lundy* 455 U.S. 509, 522 (1982). To avoid the Court

1   dismissing the petition on its own accord, Petitioner may choose one of the following options:

2       **i)  First Option: File a Motion to Use the Withdrawal and Abeyance Procedure**

3       A second method of staying a timely federal petition while a petitioner returns to state

4   court to exhaust unexhausted claims is the "withdrawal and abeyance" procedure. *King v. Ryan*,

5   564 F.3d 1133, 1139-40 (9th Cir. 2009).  Unlike the "stay and abeyance" procedure, a petitioner

6   seeking to use the "withdrawal and abeyance" procedure need not show good cause for his

7   failure to exhaust. *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2002).  Under the "withdrawal

8   and abeyance" procedure, a petitioner may withdraw the unexhausted claims from his federal

9   petition, return to state court and exhaust those claims while the federal court holds the fully

10  exhausted claims in abeyance, then seek to amend the timely, stayed federal petition with the

11  newly exhausted claims.  *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2002).  The newly

12  exhausted claims, however, must either themselves be timely under the statute of limitations or

13  they must "relate back" to the claims in the fully-exhausted petition, that is, they must share a

14  "common core of operative facts" with the previously exhausted claims. *Id.* at 1142-43, quoting

15  *Mayle v. Felix*, 545 U.S. 644. 659 (2005). ***Petitioner is advised that it appears from the***

16  ***documents filed so far in this case that AEDPA's one-year statute of limitations expired on***

17  ***May 12, 2010.  If this is so, and absent any equitable tolling to which he may be entitled, he***

18  ***would be granted leave to amend his timely federal petition with the newly exhausted claims***

19  ***only if he can demonstrate they relate back to the claims in his fully exhausted petition under***

20  ***Mayle.  If he is unable to demonstrate the claims relate back, he will be unable to litigate those***

21  ***claims in this Court.***

22      If Petitioner chooses this option, the Court **RECOMMENDS** the district court order him

23  to file a request for withdrawal and abeyance no later than *30 days* following the filing date of

24  the district court's order.  Respondent may file a reply *45 days* after the filing date of the district

25  court's order.

26      **ii) Second Option:  Voluntarily Dismiss the Petition**

27      Petitioner may move to voluntarily dismiss his entire federal petition and return to state

28  court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition

containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). ***Petitioner is cautioned, however, that any new federal petition must be filed before expiration of the one-year statute of limitations and in this case, as noted above, it appears AEDPA's one-year statute of limitations expired on May 12, 2010.*** *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[4] The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan,* 533 U.S. at 181-82.

If Petitioner chooses this second option, the Court **RECOMMENDS** the district court order him to file dismissal papers no later than *30 days* following the filing date of the district court's order.

---

[4]28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

10cv1040

### iii)  Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones.  *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, he must file a pleading with this Court no later than *30 days* following the filing date of the district court's order.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.  *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[5]

## IV.  <u>Conclusion</u>

For the foregoing reasons, this Court **RECOMMENDS** that Petitioner's motion for stay and abeyance be denied and that Petitioner be given his options on how to proceed with this case.

**IT IS ORDERED** that no later than **August 19, 2010,** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 30, 2010.**  The parties are advised that

---

[5] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

-10-

10cv1040

failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  July 29, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

10cv1040