UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED LEVAO,<br><br>                Petitioner,<br><br>vs.<br><br>D.T. LEWIS, Warden,<br><br>                Respondent. | CASE NO. 10-CV-1040 W (NLS)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 9], (2) OVERRULING PETITIONER'S OBJECTIONS [DOC. 11], AND (3) DENYING MOTION FOR STAY AND ABEYANCE [DOC. 3]** |

On May 13, 2010, Petitioner United Levao, a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"), and a motion to stay the federal habeas proceedings and hold the Petition in abeyance. Respondent D.T. Lewis opposes the motion.

On July 29, 2010, United States Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("Report") recommending that this Court deny the motion for stay and abeyance. Petitioner filed an objection to the Report. Respondent did not file a reply.

The Court decides the matters on the papers submitted and without oral argument. See Civ. Local R. 7.1(d)(1). For the reasons outlined below, the Court **ADOPTS** the Report in its entirety (Doc. 9), **OVERRULES** Petitioner's objections (Doc. 11), and **DENIES** Petitioner's motion for stay and abeyance (Doc. 3).

I.    BACKGROUND

In 2006, Petitioner was convicted in San Diego Superior Court of first-degree murder with enhancements for personal use of a firearm and commission of a crime for the benefit of a gang. (*Pet.* ¶¶ 1–6 [Doc. 1]; *Resp't's Opp'n Ex. D*, at 56 [Doc. 6-1].) The trial court sentenced Petitioner to state prison for 25 years to life for the murder conviction, added a consecutive 25 years to life for the firearm enhancement, and stayed the sentence on the gang enhancement. (*Pet.* ¶¶ 4–6; *Resp't's Opp'n Ex. D*, at 56.)

Petitioner raised four individual claims on direct appeal. (*Resp't's Opp'n Ex. D*, at 13, 22–51.) On November 12, 2008, the California Court of Appeal rejected Petitioner's claims and affirmed the trial court's judgments, but with modifications based on grounds separate from Petitioner's individual claims.[1] (*Pet.* ¶ 11; *Resp't's Opp'n Ex. D*, at 70.) Petitioner pursued review in the California Supreme Court, but his Petition for Review was denied. (*Pet.* ¶ 12; *Resp't's Opp'n Ex. C*, at 10.)

On May 6, 2010, Petitioner began pursuing his state-court remedies when he delivered his state habeas petition to prison authorities. (*Pet.* ¶ 24; *Resp't's Opp'n Ex. B*, at 3.) On May 13, 2010, he filed a Petition a for Writ of Habeas Corpus under 28

---

[1] Petitioner also raised two joint claims with his co-defendant challenging the admission of gang evidence to prove the gang-enhancement allegation and the sentence for the gang enhancements. (*Resp't's Opp'n Ex. D*, at 13, 22–51.) The California Court of Appeal rejected the challenge regarding the admission of gang evidence, but found that the trial court erred in imposing and staying the ten-year gang enhancement. (*Id.* at 57–62.) As a result of the finding, the California Court of Appeal modified the judgment against Petitioner by striking the ten-year gang enhancement and imposing 15-year-minimum parole-eligibility terms. (*Id.* at 70.)

1  U.S.C. § 2254, and a motion to stay the federal habeas proceedings and hold the
2  Petition in abeyance.

3  In accordance with the Antiterrorism and Effective Death Penalty Act of 1996
4  ("AEDPA"), Petitioner's one-year statue of limitations to file a federal habeas petition
5  expired on May 12, 2010.[2]  (*Pet.* ¶ 12.)  On June 10, 2010, Respondent filed his
6  opposition to the stay-and-abeyance motion.  Petitioner filed his reply on July 19, 2010.
7  Also, on June 10, 2010, Petitioner filed a petition for writ of habeas corpus in San Diego
8  Superior Court.  (*Resp't's Opp'n Ex. B*, at 3–6.)

9  On July 29, 2010, Magistrate Judge Stormes issued the Report finding that
10 Petitioner filed a mixed petition containing exhausted and unexhausted claims.  (*Report*
11 1–2 [Doc. 9].)  Petitioner exhausted his state-court remedies with respect to the first
12 four claims raised on direct appeal, but not the five additional claims raised in his federal
13 habeas petition.  (*Id.*; *see Pet.*, Attach. 1, at 5–13.)  As such, the Report recommended
14 that this Court deny the motion for stay and abeyance, but presented Petitioner with
15 options for moving forward with his Petition.  (*Id.* at 7.)  On August 26, 2010, Petitioner
16 filed his objection to the Report.  Respondent did not file a reply.

18 **II.   LEGAL STANDARD**
19 A district court's duties concerning a magistrate judge's report and
20 recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the
21 Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are
22 filed, the district court is not required to review the magistrate judge's report and
23 recommendation.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.

---

[2] The AEDPA applies a one-year statute of limitations to federal habeas corpus petitions once the state-court judgment becomes final.  Petitioner's state-court judgment became final on May 12, 2009, 90 days after the California Supreme Court denied his Petition for Review. (*Pet.* ¶ 12.)  Thus, Petitioner's one-year statute of limitations began to run May 13, 2009.

2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). This rule of law is well established within the Ninth Circuit and this district. See Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is **only** required when an objection is made to the R & R.") (emphasis added) (citing Renya-Tapia, 328 F.3d at 1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report without review because neither party filed objections to the report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); see also Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed. These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c)); see also United States v. Raddatz, 447 U.S. 667, 676 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

### III. DISCUSSION

#### A. Petitioner Has Not Demonstrated Good Cause for His Failure to Exhaust State Court Remedies.

A district court may not grant a petition for writ of habeas corpus unless the petitioner exhausted available state-court remedies. 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding that a federal district court must dismiss

1  "mixed petitions" containing claims that have not been exhausted in state courts). In
2  order to satisfy the exhaustion requirement, a petitioner must "fairly present[] his
3  federal claim to the highest state court with jurisdiction to consider it . . . or . . .
4  demonstrate[] that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828,
5  829 (9th Cir. 1996) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor,
6  404 U.S. 270, 275 (1971)). Furthermore, to "fairly present" a federal claim to the state
7  court, a petitioner must specifically "alert the state court[] to the fact that he was
8  asserting a claim under the United States Constitution." Hiivala v. Wood, 195 F.3d
9  1098, 1106 (9th Cir. 1999) (citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995)).
10 The mere similarity between a claim of state and federal error, and general appeals to
11 broad constitutional principles are insufficient to establish exhaustion. Id. (citing Gray
12 v. Netherland, 518 U.S. 152, 162-63 (1996); Duncan, 513 U.S. at 366).

13  A district court may grant a stay and abeyance for a mixed petition "only in
14 limited circumstances." Rhines v. Weber, 544 U.S. 269, 276-77 (2005). Specifically,
15 a stay-and-abeyance order is appropriate *only when*: (1) good cause exists for the
16 petitioner's failure to exhaust; (2) the petitioner's unexhausted claims are not "plainly
17 meritless;" and (3) there is no indication that the petitioner engaged in "abusive
18 litigation tactics or intentional delay." Id. at 277-78; Robbins v. Carey, 481 F.3d 1143,
19 1149 (9th Cir. 2005).

20  However, "good cause" under Rhines is not clearly defined. In the Ninth Circuit,
21 good cause is, without further clarification, less stringent than the "extraordinary
22 circumstances" standard for equitable tolling of the statute of limitations. See Jackson
23 v. Roe, 425 F.3d 654, 656 (9th Cir. 2005). District courts within the Ninth Circuit have
24 more narrowly defined the standard. Some have required the showing of "some
25 objective factor external to the petitioner" that prevented timely exhaustion.
26 Hernandez v. Sullivan, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005). Others have
27 equated the good-cause standard to "excusable neglect." See Corjasso v. Ayers, No.
28 CIVS970018GEBGGHP, 2006 WL 618380, at *1 (E.D. Cal. Mar. 9, 2006). The latter

1 | interpretation considers factors such as prejudice to the non-moving party, length of the
2 | delay and its effect on efficient court administration, and whether the delay was caused
3 | by factors beyond the control of the movant, and good faith. Id. at 1.

4 |       Here, Petitioner's good-cause showing for his failure to exhaust his claims prior to seeking federal habeas relief is clearly deficient. Petitioner blames his failure to exhaust his state-court remedies on a change in the Pelican Bay State Prison copy policy. (*Pet'r's Objection* 2–3 [Doc. 11].) However, Petitioner claims he was ready to mail out his state habeas petition on May 6, 2010 when he sought photocopies. (*Id.* at 2–3.) Also, when Petitioner went to the prison law library to make photocopies, prison authorities informed him that he would lose possession of his state habeas petition until May 25, 2010 while the prison made a decision regarding his request. (*Id.*) In spite of knowing that the prison authorities would not return his state habeas petition before May 12, 2010—when the statute of limitations for filing his federal habeas petition would expire—Petitioner requested photocopies. (*Id.*) That is, he could have timely filed his state habeas petition but *chose* not to do so. (*See id.*) Thus, the delay was not caused by any objective external factors beyond Petitioner's control, but rather Petitioner himself. See Corjasso, 2006 WL 618380, at *1; Hernandez, 397 F. Supp. 2d at 1207.

      Furthermore, Petitioner had one year to exhaust his state-court remedies. Petitioner was aware of the factual basis for all of the unexhausted claims since his conviction became final because all of the claims are based on events that occurred at trial, and he received his legal papers on April 9, 2009. (*See Pet.* ¶¶ 11–22.) But Petitioner has not explained why it took him almost one year to prepare and file his state habeas petition. He had ample time to exhaust his claims but did not use the time he had available to do so. Also, Petitioner requested photocopies on May 6, 2010 and received a response from the prison by May 21, 2010. (*Pet'r's Objection* 2; *Pet'r's Mot.*, Attach. 2 at 17 [Doc. 3].) Any delay allegedly caused by the prison's change in the copy policy is nominal relative to the one year Petitioner had to prepare and file his state

1  habeas petition following the finality of his conviction. See 28 U.S.C. § 2244(d)(1)(A)-
2  (D).
3     Based on the above, Petitioner failed to demonstrate good cause for his failure to
4  exhaust his claims in state court.[3] He has neither shown "some objective factor external
5  to [him]" that prevented timely exhaustion, nor "excusable neglect." See Corjasso,
6  2006 WL 618380, at *1; Hernandez, 397 F. Supp. 2d at 1207. Therefore, the stay-and-
7  abeyance procedure is not appropriate.

### B. To Avoid the Court Dismissing the Petition, Petitioner Must Choose One of the Following Options.

Based on the fact that the petition is mixed and to avoid the Court dismissing the Petition on its own accord, Petitioner must choose one of the following options.

#### 1. *First Option: File a Motion for Withdrawal and Abeyance*

A second method of staying a timely federal habeas petition while a petitioner returns to state court to exhaust unexhausted claims is the "withdrawal and abeyance" procedure. Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007) (citing Calderon v. Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1988)) (approving the withdrawal-and-abeyance procedure, also known as the Taylor stay-and-abeyance procedure); Olvera v. Giurbino, 371 F.3d 569, 572-73 (9th Cir. 2004); Smith v. Giurbino, No. 06cv700, 2008 WL 80983, *3 (S.D. Cal. Jan. 7, 2008) (Gonzalez, C.J.) (citing Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2002)). Unlike the stay-and-abeyance procedure,

---

[3] Petitioner argues the Court should apply a "reasonable confusion" standard to show good cause. Pace v. Diguglielmo, 544 U.S. 408, 416 (2005) (stating in *dictum* that "reasonable confusion" about timeliness rules would "ordinarily" constitute good cause). Even if the Court applied this standard, Petitioner failed to provide any evidence to show reasonable confusion regarding his understanding of timeless rules. In fact, Petitioner showed a clear understanding of when the statute of limitations expired and how the date was calculated. (*Pet'r's Mot.* 2:8–13.)

a petitioner seeking to use the withdrawal-and-abeyance procedure need not show good cause for his failure to exhaust. Robbins, 481 F.3d at 1148. The three-step withdrawal-and-abeyance procedure goes as follows: (1) the petitioner amends his mixed petition to remove the unexhausted claims; (2) the district court stays and holds the amended and fully exhausted petition in abeyance; and (3) the petitioner re-amends his petition to add the newly exhausted claims after litigating them in state court. Id. The newly exhausted claims, however, must "relate back" to the claims in the fully exhausted petition—that is, they must share a "common core of operative facts" with the previously exhausted claims. Kelly, 315 F.3d at 1142-43 (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)).

*Petitioner is advised that it appears from the documents filed so far in this case that the AEDPA's one-year statute of limitations expired on May 12, 2010. If this is so, and absent any equitable tolling to which he may be entitled, he would be granted leave to amend his timely federal habeas petition with the newly exhausted claims only if he can demonstrate that they relate back to the claims in his fully exhausted petition under Mayle. If he is unable to demonstrate that the claims relate back, he will be unable to litigate those claims in this Court.*

### 2.    Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal habeas petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal habeas petition containing only exhausted claims. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").

//
//
//

*Petitioner is cautioned, however, that any new federal habeas petition must be filed before the expiration of the one-year statute of limitations and in this case, as noted above, it appears the AEDPA's one-year statute of limitations expired on May 12, 2010.* Duncan v. Walker, 533 U.S. 167, 176 (2001); see 28 U.S.C. § 2244(d).[4] The statute of limitations does not run while a properly filed *state* habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while the federal habeas petition is pending. Duncan, 533 U.S. at 181-82.

---

[4] 28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

### 3. *Third Option: Formally Abandon Unexhausted Claims*

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted claim. Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[ ] the habeas petition to present only exhausted claims"). However, Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them again in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244(a)-(b).[5]

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **ADOPTS** the Report in its entirety (Doc. 9), **OVERRULES** Petitioner's objections (Doc. 11), and **DENIES** Petitioner's motion for stay and abeyance (Doc. 3).

Because the Petition is mixed and in order to avoid dismissal, Petitioner must choose one of the following options (explained more fully above):

**1.) First Option: File a Motion for Withdrawal and Abeyance**. If Petitioner chooses this option, he must file a request for withdrawal and abeyance no

---

[5] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

|   |   |   |
|---|---|---|
| 1 | | later than *30 days* following the issuance of this order.  Respondent may |
| 2 | | file a reply no later than *45 days* following the issuance of this order. |
| 3 | **2.)** | **Second Option: Voluntarily Dismiss the Petition.**  If Petitioner chooses |
| 4 | | this second option, he must file dismissal papers no later than *30 days* |
| 5 | | following the issuance of this order. |
| 6 | **3.)** | **Third Option: Formally Abandon Unexhausted Claims.**  If Petitioner |
| 7 | | chooses this third option, he must file a pleading with this Court no later |
| 8 | | than *30 days* following the issuance of this order. |

**IT IS SO ORDERED.**

DATED: November 23, 2010

_____
Hon. Thomas J. Whelan
United States District Judge