UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED LEVAO,<br><br>                          Petitioner,<br><br>     v.<br><br>D.T. LEWIS, Warden,<br><br>                          Respondent. | Case no. 10-CV-1040 W (NLS)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 35], AND (2) GRANTING-IN-PART AND DENYING-IN-PART PETITIONER'S MOTION FOR LEAVE TO FILE A SECOND AMENDED PETITION [DOC. 33]** |

On September 23, 2011, Petitioner United Levao filed a motion to amend his First Amended Petition for Writ of Habeas Corpus ("FAP") to include newly exhausted claims. (Doc. 33.) Respondent opposed. (Doc. 34.) Because Levao's newly exhausted claims are not independently timely, only claims that relate back to his original petition may be added to the FAP. (*See* Doc. 12 at 7.)

On October 25, 2011, Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("Report"), recommending that the Court grant-in-part and deny-in-part Levao's motion to amend. (Doc. 35.) Specifically, the Report recommended granting leave only to add Levao's claims that trial counsel was ineffective for failing to: (1) "properly prepare for a hearing on the motion to suppress evidence of statements

[Levao] made to his mother in violation of the Fourth and Fifth Amendments," and (2) "effectively object to the admission of photo identification evidence." (*Id.* at 7.) The Report also ordered that any objections were to be filed by November 28, 2011, and any reply filed by December 12, 2011. (*Id.*) To date, no objection has been filed, nor has either party requested additional time to do so.

A district court's duties concerning a magistrate judge's Report are set forth in Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. See Mayle v. Felix, 545 U.S. 644, 654 (2005) (acknowledging that a "discrete set of Rules governs federal habeas proceedings launched by state prisoners"). Rule 8(b) provides that a district judge "must determine de novo any proposed finding or recommendation to which objection is made." In United States v. Reyna-Tapia, the Ninth Circuit interpreted identical language in 28 U.S.C. 636(b)(1)(c) as making clear that "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original); see also Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is *only* required when an objection is made to the R & R.") (emphasis added) (citing Renya-Tapia, 328 F.3d at 1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting the magistrate judge's report without review because neither party filed objections to the report despite the opportunity to do so); Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

The Court recognizes that other district courts within the Ninth Circuit, including this Court, have previously held that de novo review of the magistrate judge's findings of law is required even where a party does not object to the report. See Johnson v. Nelson, 142 F.Supp.2d 1215, 1217 (S.D. Cal. 2001); Avratin v. Bermudez, 420 F. Supp.2d 1121, 1122-23 (S.D. Cal. 2006); Cordeiro v. Hernandez, 2010 WL 364193 (S.D. Cal. 2010). These cases are all rooted in the Ninth Circuit's decision in Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452 (9th Cir. 1983). The Court finds that

1 reliance on Britt, however, is no longer appropriate given the Ninth Circuit's more
2 recent en banc decision in Renya-Tapia. See Schmidt v. Johnstone, 263 F. Supp. 2d
3 1219, 1226 (D. Ariz. 2003) (concluding that Renya-Tapia overruled Britt's requirement
4 that district courts review findings of law even where no objections filed).

Upon review, the Court accepts Judge Stormes's recommendation, **ADOPTS** the Report in its entirety, and **GRANTS-IN-PART** and **DENIES-IN-PART** Petitioner's motion to amend. Levao must file his second amended petition no later than **February 17, 2012**.

**IT IS SO ORDERED.**

DATED: January 17, 2012

Hon. Thomas J. Whelan
United States District Judge